STATE of Iowa, Appellee,

v.

Christopher James EDGINGTON,
Appellant.

No. 98–53.

Supreme Court of Iowa.

Sept. 9, 1999.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Michael Dunning, Student Legal Intern, Iowa City, Thomas J. Ferguson, County Attorney, and Shawn Wehde, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

PER CURIAM.

A defendant contends the district court erred in concluding he was ineligible for a deferred judgment under Iowa Code section 232.8(3) (1997). We hold the district court was without authority to grant a deferred judgment and affirm the defendant's conviction and sentence.

## I. FACTUAL BACKGROUND AND PRIOR PROCEEDINGS.

In February 1997, the seventeen-year-old defendant, Christopher Edgington, was charged with first-degree burglary in violation of Iowa Code sections 713.1 and

713.3.[1] Since he was at least sixteen years of age and had been charged with a forcible felony, the violation was excluded from the jurisdiction of the juvenile court. Iowa Code § 232.8(1)(c). The defendant filed a motion for a transfer of jurisdiction to the juvenile court. *Id.;* Iowa Code § 803.6. The motion was denied.

The defendant pled guilty to the burglary charge, and at his December 1997 sentencing hearing he requested a deferred judgment. The court acknowledged it would have had the discretion to impose a deferred judgment had the case originated in the juvenile court. Iowa Code § 232.8(3). However, it concluded that authority did not extend to cases in which juveniles were originally charged as adults and convicted in the district court under section 232.8(1)(c). As a result, the court found the defendant was ineligible for a deferred judgment, and it sentenced him to a term of incarceration not to exceed twenty-five years.

The defendant has appealed. He claims the sentencing court failed to exercise its discretion when it held he was not eligible for a deferred judgment under Iowa Code section 232.8(3). The State challenges whether error was preserved on this claim. With respect to the merits of the defendant's appeal, the State claims the district court retained exclusive jurisdiction of this case and section 232.8(3) and its provisions for a deferred judgment did not apply.

## II. SCOPE OF REVIEW AND ERROR PRESERVATION.

■ When a district court's application of a sentencing statute is challenged, the court's review is for the correction of errors at law. *State v. Rodgers,* 560 N.W.2d 585, 586 (Iowa 1997).

The State claims error has not been preserved because at his sentencing hearing defense counsel conceded the statute in question was not "strictly applicable" to the defendant's situation. However, a review of the entire record reveals that defense counsel requested the imposition of a deferred judgment and offered reasons why the statutory provision should be interpreted broadly enough to include the defendant's case. Under these circumstances, we find error was preserved.

## III. IOWA CODE § 232.8(3).

■ As a general rule, the juvenile court has exclusive original jurisdiction in proceedings involving a child alleged to have committed a delinquent act. Iowa Code § 232.8(1)(a). With respect to juveniles fourteen years of age or older, the juvenile court has the authority to waive jurisdiction so that a child may be prosecuted as an adult. Iowa Code §§ 232.8(3), 232.45. When jurisdiction has been waived and the child has been prosecuted as an adult, the district court may grant a deferred judgment even if the offense otherwise carries a mandatory prison sentence. *See* Iowa Code § 232.8(3); *State v. Greiman,* 344 N.W.2d 249, 253 (Iowa 1984).

■ Iowa Code section 232.8(1)(c) provides that certain types of offenses committed by juveniles age sixteen or older are *excluded* from the jurisdiction of the juvenile court.[2] Such cases are prosecuted in the district court unless the court finds "good cause" warrants their transfer to

---

1. The defendant was also charged with second-degree theft but that charge was later dismissed pursuant to the parties' plea agreement.

2. The relevant portions of § 232.8(1)(c) provide:

   Violations by a child, age sixteen or older, ... which constitute a forcible felony are excluded from the jurisdiction of the juvenile court and shall be prosecuted as otherwise provided by law unless the court transfers jurisdiction of the child to the juvenile court upon motion and for good cause. A child over whom jurisdiction has not been transferred to the juvenile court, and who is convicted of a violation excluded from the jurisdiction of the juvenile court under this paragraph, shall be sentenced pursuant to section ... 902.9....

the juvenile court. This court has referred to this type of transfer as a "reverse waiver." *See State v. Terry,* 569 N.W.2d 364, 366 (Iowa 1997).

■ The defendant argues the sentencing court had the discretion under Iowa Code section 232.8(3) to grant him a deferred judgment. Iowa Code section 232.8(3) (1997) provides:

The juvenile court, after a hearing and in accordance with the provisions of section 232.45, may waive jurisdiction of a child alleged to have committed a public offense so that the child may be prosecuted as an adult for such offense in another court. If the child pleads guilty or is found guilty of a public offense in another court of this state that court may, with the consent of the child, defer judgment and without regard to restrictions placed upon deferred judgments for adults, place the child on probation for a period of not less than one year upon such conditions as it may require. Upon fulfillment of the conditions of probation the child shall be discharged without entry of judgment.[3]

The defendant initially mischaracterizes his situation as one in which he was "automatically waived" or "previously waived" to adult court. It is evident from the express language of Iowa Code section 232.8(1)(c) that his violation was excluded from the jurisdiction of the juvenile court and he was subject to the "initial, direct jurisdiction of the district court." *Terry,* 569 N.W.2d at 366. Neither the record nor the applicable law support the conclusion that the defendant was ever "waived" to adult court.

The defendant does not dispute that a waiver hearing is a prerequisite to the court's authority to grant a deferred judgment under section 232.8(3).[4] However, he

contends the hearing does not have to be held by the juvenile court and a reverse waiver hearing held by the district court will suffice. The defendant reasons that the district court possesses jurisdiction over juvenile matters, Iowa Code §§ 602.6202, 602.7101(2), and a reverse waiver hearing addresses the same matters as those addressed in a juvenile court waiver hearing. *See* Iowa Code § 803.6(3) (in determining if a reverse waiver should be granted the district court considers the same statutory criteria that are considered at a hearing on the waiver of juvenile jurisdiction).

The State argues section 232.8(3) applies only when there has been a waiver of *juvenile court* jurisdiction and since there was no such waiver in this case, the statute does not apply. The State contends the defendant was subject to the sentencing provisions of Iowa Code section 902.9, and because he committed a forcible felony he was not eligible for a deferred judgment. Iowa Code § 907.3 (1997).

■ We agree with the State. It is evident from a reading of the entire statute that the authority to grant a deferred judgment under section 232.8(3) is limited to cases in which *juvenile* court jurisdiction has been waived. It has no application to a case which was excluded from the juvenile court's jurisdiction.

The defendant is subject to the sentencing provisions of section 232.8(1)(c). The express language of that statute provides that a child age sixteen or older who commits a forcible felony is automatically subject to prosecution as an adult and is to be sentenced in accordance with Iowa Code section 902.9 (maximum sentence for felons). Under section 902.9, first-degree burglary is a class B felony subject to a

---

**3.** This statute was amended subsequent to the defendant's arrest, but the changes do not affect the outcome of this appeal. *See* Iowa Code § 232.8(3) (Supp.1997).

**4.** A "waiver hearing" is defined as:

[A] hearing at which the court determines whether it shall waive its jurisdiction over a child alleged to have committed a delinquent act so that the state may prosecute the child as if the child were an adult. Iowa Code § 232.2(58).

twenty-five year sentence. It is also a forcible felony for which an adult is ineligible for a deferred judgment. Iowa Code §§ 702.11, 907.3. Nothing in the language of section 232.8(1)(c) suggests that juveniles who commit forcible felonies and are automatically subject to prosecution as adults are to be subject to sentencing limits any different than those imposed upon similarly-situated adults.

The district court correctly concluded it had no authority under Iowa Code section 232.8(3) to grant a deferred judgment to a juvenile who had committed a forcible felony and whose offense was excluded from the juvenile court's jurisdiction. We affirm the defendant's conviction and sentence.

**AFFIRMED.**