**STATE of Iowa, Appellee,**

v.

**Michael Allen CARPENTER, Appellant.**

No. 99–1491.

Supreme Court of Iowa.

Sept. 7, 2000.

John C. Rausch of the Rausch Law Firm, Waterloo, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Joel Dalrymple, Assistant County Attorney, for appellee.

CADY, Justice.

This appeal requires us to determine whether a juvenile prosecuted and sentenced as an adult for the crime of robbery in the second degree must serve 85% of the sentence under the minimum sentence provisions of Iowa Code section 902.12 (1999). We conclude the minimum sentence provisions apply and affirm the district court.

## I. Background Facts and Proceedings.

Michael Carpenter was charged with numerous criminal offenses, including two counts of robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (1999). Although Carpenter was seventeen years old at the time, he was excluded from the jurisdiction of the juvenile court and prosecuted as an adult under section 232.8(1)(c).[1] The district court denied Carpenter's request to be transferred to juvenile court.

Carpenter subsequently entered a plea of guilty to the charges, including the two counts of robbery in the second degree. Prior to sentencing, Carpenter filed a motion with the district court asking his sentence for robbery in the second degree be excluded from section 902.12. This section requires a person serving a sentence for certain forcible felonies, including robbery in the second degree, to serve 100% of the maximum term of incarceration, subject to a reduction of up to 15% for good behavior. Iowa Code § 902.12; *see also* Iowa Code § 903A.2(1)(b). This section is commonly known as the "85% rule."

Carpenter claimed the 85% rule did not apply to his sentence because the statute granting the district court jurisdiction over his case, section 232.8(1)(c), referred only to sentencing pursuant to section 902.9, the general sentencing statute applicable to felony offenses, and did not specifically mention the 85% rule under section 902.12. He argued the exclusion of the 85% rule from the jurisdictional provisions under section 232.8(1)(c) revealed the legislature's intent that the rule not apply to juvenile offenders.

The district court found section 902.12 did apply to the sentence. Carpenter was sentenced on the two counts of robbery in the second degree to two concurrent terms of incarceration not to exceed ten years

1. Robbery in the second degree is a forcible felony. Iowa Code § 702.11 (1999). Section 232.8(1)(c) excludes forcible felonies from the jurisdiction of the juvenile court when committed by a child who is at least sixteen years old, but permits the district court to transfer the child to juvenile court for good cause.

under section 902.9. Carpenter appeals. He claims his sentence is not subject to the 85% rule under section 902.12.

The issue of statutory interpretation presented in this case is identical to the issue presented in *State v. Iowa District Court*, 616 N.W.2d 575 (Iowa 2000), an opinion filed contemporaneously with this opinion.[2] Nevertheless, the arguments advanced by the parties differ. Although we reach the same result in this case as we do in *Iowa District Court*, we separately address the different argument raised in this case.

## II. Scope of Review.

We review issues involving the interpretation of a statute for the correction of errors at law. Iowa R.App. P. 4; *State v. Schultz*, 604 N.W.2d 60, 62 (Iowa 1999). We are not bound by the application of the legal principles by the district court. *Schultz*, 604 N.W.2d at 62.

## III. Statutory Interpretation.

When confronted with an issue involving the interpretation of a statute, we begin with the principles of statutory construction. *Doe v. Ray*, 251 N.W.2d 496, 500 (Iowa 1977). The polestar of statutory interpretation is the intent of the legislature. *Schultz*, 604 N.W.2d at 62. We seek to ascertain and effectuate the true legislative intent. *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Mobil Oil Corp.*, 606 N.W.2d 359, 363 (Iowa 2000). We must not only examine the language of the statute, but also its underlying purpose and policies, as well as the consequences stemming from different interpretations. *Id.* at 364. In doing so, we must construe the statute in its entirety. *Id.* at 365. If more than one statute relating to the subject matter at issue is relevant to the inquiry, we consider all the statutes together in an effort to harmonize them. *State v. Dann*, 591 N.W.2d 635, 638

(Iowa 1999); *Doe*, 251 N.W.2d at 501. Harmonization of the applicable statutes evidences the true intent of the legislature. *State v. Peterson*, 327 N.W.2d 735, 738 (Iowa 1982).

In determining the intent of the legislature, we will not construe the language of a statute in a manner that will produce an absurd or impractical result. *Schultz*, 604 N.W.2d at 62; *Shaw v. Soo Line R. Co.*, 463 N.W.2d 51, 54 (Iowa 1990). We presume the legislature intends a reasonable result when it enacts a statute. *State v. Pace*, 602 N.W.2d 764, 772 (Iowa 1999).

## IV. Iowa Code Section 232.8(1)(c).

Generally, the juvenile court has exclusive original jurisdiction over a child alleged to have committed a delinquent act. Iowa Code § 232.8(1)(a); *State v. Edgington*, 601 N.W.2d 31, 32 (Iowa 1999). However, section 232.8(1)(c) articulates an exception to this general rule. Section 232.8(1)(c) provides in pertinent part:

> Violations of a child, age sixteen or older, ... which constitute a forcible felony are excluded from the jurisdiction of the juvenile court and shall be prosecuted as otherwise provided by law unless the court transfers jurisdiction of the child to the juvenile court upon motion and for good cause. *A child over whom jurisdiction has not been transferred to the juvenile court, and who is convicted of a violation excluded from the jurisdiction of the juvenile court under this paragraph, shall be sentenced pursuant to section 124.401B, 902.9, or 903.1.*

Iowa Code § 232.8(1)(c) (emphasis added).

Thus, older children who are convicted of certain criminal offenses excluded from the jurisdiction of the juvenile court, including forcible felonies, are sentenced under either section 124.401B, 902.9, or 903.1. *See Edgington*, 601 N.W.2d at 33. The

---

2. The defendant in *Iowa District Court* also claimed the statute should not be interpreted under the ripeness doctrine until he receives

notice of release on parole or work release. We need not address this issue.

only section applicable to this case is section 902.9. This section establishes the maximum sentence for felony offenses. Section 903.1 establishes the maximum sentence for misdemeanor offenses, while section 124.401B establishes the maximum sentence for certain drug offenses. The issue we face is whether other statutes relating to a sentence are inapplicable because they are not specifically mentioned in section 232.8(1)(c). In particular, we must decide if the minimum sentence provisions of sections 902.12 and 903A.2 apply to children sentenced under section 232.8(1)(c).

We have previously recognized that section 232.8(1)(c) expresses our legislature's general belief that older juveniles who commit certain crimes, including forcible felonies, should face adult discipline and legal restraint. *State v. Terry*, 569 N.W.2d 364, 367 (Iowa 1997). Thus, section 232.8(1)(c) automatically subjects such juveniles to prosecution as adults and sentencing in accordance with section 902.9. *Edgington*, 601 N.W.2d at 33–34. There is nothing in the language of section 232.8(1)(c) to suggest that "juveniles who commit forcible felonies and are automatically subject to prosecution as adults are to be subject to sentencing limits any different than those imposed upon similarly-situated adults." *Id.* at 34.

Our legislature's intent to treat certain juvenile offenders as adult offenders is consistent with the application of the minimum sentence provisions of section 902.12 to a juvenile sentenced for one of the crimes applicable to the minimum sentence provisions. *Iowa Dist. Ct.*, 616 N.W.2d at 581 (concluding the legislature intended courts to supplement section 902.9 with other relevant statutes when sentencing a defendant subject to section 232.8(1)(c)); *see also Edgington*, 601 N.W.2d at 33 (juvenile sentenced for a forcible felony under section 232.8(1)(c) is, like an adult sentenced for the same offense, ineligible for a deferred judgment under section 907.3); *State v. Gilliland*, 604 N.W.2d 666, 667

(Iowa 2000) (statutory restrictions denying deferred judgments to adults convicted of forcible felonies apply to juveniles over whom jurisdiction originates in the district court under section 232.8(1)(c)). There is no language in either section 232.8(1)(c) or section 902.12 excluding juveniles prosecuted as adults from the minimum sentence provisions. Furthermore, section 902.12 applies to all persons sentenced under section 902.9 who are serving a sentence for a crime specifically made subject to the minimum sentence provisions.

Notwithstanding, Carpenter argues that the failure of section 232.8(1)(c) to specifically refer to the minimum sentence provisions of section 902.12 implies the legislature intended to exclude the minimum sentence provisions for juveniles. He claims the legislature would have specifically mentioned section 902.12 in section 232.8(1)(c) if it intended the minimum sentence provisions to apply.

We acknowledge the rule of statutory construction that legislative intent can be "expressed by omission as well as by inclusion." *Wiebenga v. Iowa Dep't of Transp.*, 530 N.W.2d 732, 735 (Iowa 1995) (quoting *Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986)). Thus, the express mention of one thing implies the exclusion of others not mentioned. *Callender v. Skiles*, 591 N.W.2d 182, 186 (Iowa 1999). However, it does not necessarily follow that the failure to mention section 902.12 implies its exclusion.

The rule that inclusion implies exclusion is a useful tool of statutory construction, but is subordinate to the primary rule that legislative intent governs statutory interpretation. 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.23, at 315 (6th ed.2000) [hereinafter Singer]. It is not a rule of law, but "a product of 'logic and common sense.'" 2A *id.* § 47.24, at 315, 319. It embraces the teaching of common experience that "when people say one thing they do not mean something else," and is closely tied to the rule that

the plain meaning of a statute must be observed. 2A *id.* § 47.25, at 327; *see also Vale v. Messenger,* 184 Iowa 553, 168 N.W. 281 (1918). Thus, it does not apply if there is a "special reason for mentioning one thing and none for mentioning another which is otherwise within the statute." · 2A Singer § 47.23, at 318 (citing *Farish for Farish v. Courion Indus., Inc.,* 754 F.2d 1111 (4th Cir.1985)). Furthermore, the rule is not applied where there is no evidence of legislative intent for it to apply. 2A Singer § 47.24, at 325.

We conclude the omission of section 902.12 from section 232.8(1)(c) does not imply the provisions of section 902.12 are excluded from the sentence served by a juvenile for a forcible felony applicable to section 902.12. The clear intent of section 232.8(1)(c) is to subject certain juvenile offenders to the same treatment as adult offenders. Our legislature placed no limitations on this intent. *See, e.g.,* Iowa Code § 232.45(14) (expressly providing that the mandatory · minimum sentence in section 124.413 shall not apply to a child waived to district court for prosecution of certain violations of chapter 124). Furthermore, there is no need for section 232.8(1)(c) to specifically mention section 902.12. Section 902.12 necessarily applies to sentences imposed under section 902.9.

We also observe that if our legislature intended to exclude sentencing provisions not specifically mentioned in section 232.8(1)(c), then not only would Carpenter be excluded from the 85% rule under section 902.12, but he would be excluded from other similar provisions such as reduction for good time under section 903A.2 and credit for time served under section 903A.5. We believe this interpretation would lead to absurd results which our legislature did not intend.

### V. Conclusion.

We conclude our legislature intended all provisions relating to a sentence apply to a juvenile sentenced under section 232.8(1)(c). We affirm the district court.

**AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.