STATE of Iowa, Appellee,

v.

Lee Allen EMERY, Appellant.

No. 99–1957.

Supreme Court of Iowa.

Nov. 15, 2001.

Linda Del Gallo, State Appellate Defender, and John P. Messina and Theresa R. Wilson, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, John P. Sarcone, Polk County Attorney, and Daniel C. Voogt, Assistant Polk County Attorney, for appellee.

TERNUS, Justice.

The juvenile appellant, Lee Emery, pled guilty in district court to two weapons charges and a charge of possession of methamphetamine with intent to deliver. He now appeals the judgment of conviction and sentence entered on his guilty plea, alleging (1) the district court did not have subject matter jurisdiction of the weapons charges; and (2) the mandatory minimum sentence of Iowa Code section 124.413 (1999) does not apply to his drug conviction. The appeal was transferred to the Iowa Court of Appeals, where the defendant's guilty plea was set aside, the district court judgment was reversed, and the case was remanded to juvenile court for further proceedings. Upon our further review, we vacate the court of appeals' decision and affirm the judgment of the district court.

## I. *Background Facts and Proceedings.*

The underlying facts in this case are simple and undisputed. The defendant, age seventeen, was a juvenile at the time of the alleged crimes. *See* Iowa Code § 232.2(5) (defining *"child"* as "a person under eighteen years of age"), (29) (defining *"juvenile"* "the same as *'child'* "). Emery was formally charged by trial information with the following crimes: (1) possession of methamphetamine with intent to deliver in violation of Iowa Code section 124.401(1)(*b* )(7); (2) a tax stamp offense in violation of Iowa Code section 453B.3; (3) two counts of carrying weapons in violation of Iowa Code section 724.4; and (4) possession of marijuana in violation of Iowa Code section 124.401(5). In addition, the trial information alleged facts that would subject the defendant to the enhancement provisions of Iowa Code sections 124.401(1)(*e* ) and 124.401A. All charges were filed in district court, presumably

under the authority of Iowa Code section 232.8(1)(*c* ), which exempts certain offenses from the jurisdiction of juvenile court.

The State and Emery entered into plea negotiations. On November 9, 1999, the defendant appeared in open court with counsel, withdrew his prior not-guilty plea, and pled guilty to three of the five charges: possession of methamphetamine with intent to deliver and the two carrying-weapons offenses. In exchange for the guilty plea, the State agreed not to seek the applicable sentencing enhancements.

Emery requested immediate sentencing. The court thereupon sentenced the defendant to a mandatory twenty-five-year indeterminate term of incarceration on the methamphetamine charge and a two-year indeterminate term on each weapons charge, all sentences to run concurrently. In addition, the court informed Emery that he was subject to serving the mandatory one-third minimum sentence imposed by section 124.413 with respect to his drug conviction. The court did, however, reduce the mandatory minimum by one-third based on the defendant's guilty plea and by an additional ten percent based upon his cooperation with law enforcement. *See* Iowa Code § 901.10 (allowing court to reduce mandatory minimum under specified circumstances). At no time prior to or during the guilty plea and sentencing proceeding did the defendant challenge the jurisdiction or authority of the district court to accept his plea or to impose sentence.

The defendant appealed. He claims on appeal that the district court lacked subject matter jurisdiction over the weapons charges because the State failed to obtain a waiver or transfer of juvenile court jurisdiction as required by Iowa Code section 232.45.[1] In addition, he asserts that, as a

---

1. Emery also tries to characterize his claim of error with respect to the weapons charges as

juvenile, he is not subject to the mandatory minimum sentence specified in section 124.413. The court of appeals, although rejecting Emery's argument concerning the applicability of section 124.413, ruled that the district court did not have subject matter jurisdiction of the weapons charges. Concluding that this defect rendered the judgment void, the court of appeals set aside the plea agreement, reversed the judgment of conviction and sentence, and remanded the case to juvenile court for further proceedings. We granted further review.

## II. Scope of Review.

 Challenges to the court's subject matter jurisdiction are reviewed for correction of errors at law. *State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000). We employ the same standard of review with respect to the court's application of the minimum sentence statute. *State v. Edgington*, 601 N.W.2d 31, 32 (Iowa 1999).

## III. Error Preservation.

As we noted earlier, the defendant did not make the objection now urged on appeal as to the district court's power to adjudicate the weapons offenses. Both parties agree, however, that a court's subject matter jurisdiction may be challenged at any time. *Linn County Sheriff v. Iowa Dist. Ct.*, 545 N.W.2d 296, 299 (Iowa 1996). Nevertheless, the State contends that the issue here is not one of subject matter jurisdiction, but rather is an issue of the court's authority.

 It is helpful at this juncture to point out the difference between a court's subject matter jurisdiction and its authority:

Subject matter jurisdiction is the power of a court "to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." Such jurisdiction flows from the constitution or from statutes and cannot be conferred by consent, waiver, or estoppel.

As we pointed out in [*State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993) ], [s]ubject matter jurisdiction should not be confused with authority. "A court may have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case. In such a situation we say the court lacks authority to hear that particular case."

*State v. Yodprasit*, 564 N.W.2d 383, 385 (Iowa 1997) (citations omitted). A court may lack authority to hear a particular case "where a party fails to follow the statutory procedures for invoking the court's authority." *Schrier v. State*, 573 N.W.2d 242, 244–45 (Iowa 1997).

Applying these principles to the present case, the State asserts that compliance with the requirements of section 232.45 for transfer of jurisdiction from the juvenile court to the district court merely establishes the district court's authority over the particular case that is the subject of the transfer. Section 232.45 does not, argues the State, affect the district court's subject matter jurisdiction over criminal offenses, including delinquent acts by a juvenile. Thus, according to the State, the district court has subject matter jurisdic-

being a challenge to an illegal sentence. The defendant makes no claim, however, that the sentences imposed on the weapons convictions would be illegal as to a defendant properly before the district court. Rather, his

claim of illegality rests on the premise that he should have been prosecuted in juvenile court, not district court. Thus, the issue is one of the jurisdiction or authority of the district court, not the legality of the sentence.

tion of juvenile cases even when the transfer procedures of section 232.45 have been ignored.

 The State makes this distinction because a defect in the court's authority to hear a particular case may be waived, whereas any defect in its subject matter jurisdiction is not subject to waiver. *Mandicino*, 509 N.W.2d at 483. Thus, an objection to a court's authority to hear a particular case must be raised in that court in order to preserve error on this issue. *See id.* (stating that "an impediment to a court's *authority* can be obviated by consent, waiver, or estoppel"). Even when an objection is made, a subsequent guilty plea waives all objections, including any objection to the court's authority to hear the case. *Yodprasit*, 564 N.W.2d at 385.

The question facing this court, then, is whether section 232.45 is a statutory procedure for invoking the court's authority over a particular case or whether it establishes a process that is necessary to bestow subject matter jurisdiction on the district court. We turn now to an analysis of the relevant statutes.

### IV. Is Compliance with Section 232.45 Necessary to Confer Subject Matter Jurisdiction on the District Court or is it a Prerequisite to Exercise of its Authority to Hear a Particular Case?

 Iowa Code section 232.8 states that "[t]he juvenile court has *exclusive original jurisdiction* in proceedings concerning a child who is alleged to have committed a delinquent act unless otherwise 'provided by law." Iowa Code § 232.8(1)(*a*) (emphasis added). *See generally id.*

§ 232.2(12)(*a*) (defining a "delinquent act" as "[t]he violation of any state law or local ordinance which would constitute a public offense if committed by an adult...."). One statute that provides otherwise is section 232.8(1)(*c*):

Violations by a child, age sixteen or older, which subject the child to the provisions of section 124.401, subsection 1, paragraph *"e"* or *"f"* ... *are excluded from the jurisdiction of the juvenile court* and shall be prosecuted as otherwise provided by law unless the court transfers jurisdiction of the child to the juvenile court upon motion and for good cause....

*Id.* § 232.8(1)(*c*) (emphasis added).

It is undisputed that the first charge brought against Emery, possession of methamphetamine with intent to deliver, enhanced by his possession of a firearm, was an offense subject to the provisions of section 124.401(1)(*e*) and, as such, was excluded from the jurisdiction of the juvenile court. In contrast, the two weapons charges do not fall within the express terms of section 232.8(1)(*c*) and, therefore, are not automatically excluded from juvenile court jurisdiction.[2]

Nonetheless, there is a mechanism for the juvenile court to transfer charges over which it has "exclusive original jurisdiction" to the district court. Section 232.45 provides in pertinent part:

After the filing of a petition which alleges that a child has committed a delinquent act on the basis of an alleged commission of a public offense ..., the county attorney or the child may file a motion requesting the court *to waive its*

---

**2.** The State argues that because the weapons offenses were factually related to the drug charge, section 232.8(1)(*c*) excluded these related charges, as well as the drug charge, from the jurisdiction of the juvenile court.

We need not determine the reach of section 232.8(1)(*c*), however, because we conclude that the defendant did not preserve error on the issue of whether the weapons charges were properly before the district court.

*jurisdiction* over the child for the alleged commission of the public offense or for the purpose of prosecution of the child as an adult or a youthful offender. Iowa Code § 232.45(1) (emphasis added). This statute goes on to establish certain procedures to effect a transfer of the juvenile matter to the district court for prosecution of the juvenile as an adult. It is undisputed that this procedure was not followed here. In fact, as noted earlier, the weapons charges were not even filed in juvenile court; rather, they were initiated in district court.

We now come to the disputed point in this case: Are the references to "jurisdiction" in sections 232.8 and 232.45 meant to address the issue of subject matter jurisdiction or the issue of authority? Although the legislature's use of the term "jurisdiction" may at first seem to indicate its intent to address subject matter jurisdiction, such a conclusion is not justified. In the past a court's authority to hear a particular case was sometimes labeled its "jurisdiction of the case." *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989) (noting "we have referred to 'lack of authority to hear the particular case' as lack of jurisdiction of the case"). Thus, it is important to look beyond the particular terminology and consider the statute in the context of pertinent constitutional and statutory provisions. We undertook just such an analysis in our *Yodprasit* case.

In *Yodprasit*, a juvenile was charged with various delinquent acts in juvenile court. 564 N.W.2d at 384. The State successfully petitioned, pursuant to section 232.45, to transfer the case to district court for adjudication of the charges as adult offenses. *Id.* The juvenile ultimately entered into a plea agreement that resulted in his pleading guilty to the charges in exchange for dismissal of a pending complaint of another criminal act. *Id.* On appeal, he claimed that errors in the transfer proceeding conducted in juvenile court "deprived the district court of subject matter jurisdiction to conduct criminal proceedings, accept his guilty plea, and enter the convictions and sentences." *Id.* at 385. The State argued that the juvenile's guilty plea waived any objections. *Id.*

In resolving this issue, we started with the general proposition that the district court is empowered by the Iowa Constitution to hear all criminal matters. *Id.* at 386 (citing Iowa Constitution article V, section 6, which states that district courts shall "have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law"); *accord Schrier*, 573 N.W.2d at 244 (stating that "[t]he Iowa district court is a court of general jurisdiction"). We held that section 232.8(1)(*a* ), which gives the juvenile court "exclusive original jurisdiction" over proceedings involving delinquent acts, did not "deprive the district court of its criminal jurisdiction." *Yodprasit*, 564 N.W.2d at 386. Our reference to the district court's "criminal jurisdiction" was clearly a reference to its subject matter jurisdiction, as evidenced by our ultimate holding:

> We now hold that irregularities in a waiver proceeding are impediments to the district court's authority that (1) do not deprive the district court of subject matter jurisdiction over criminal proceedings involving the juvenile and (2) can be waived if the juvenile pleads guilty.

*Id.* at 387.

■ The import of our holding in *Yodprasit*—that "irregularities in a waiver proceeding are impediments to the district court's *authority*," *id.* (emphasis added)— is that the "jurisdiction" addressed by the legislature in sections 232.8 and 232.45 concern the district court's authority to

hear a particular juvenile matter, not its subject matter jurisdiction. Therefore, a failure to comply with these statutes does not deprive the district court of subject matter jurisdiction, despite the legislature's grant of "exclusive original jurisdiction" over such matters to the juvenile court.

■■■ This interpretation of chapter 232 is consistent with the principle that "[s]ubject matter jurisdiction is conferred upon our district courts by our constitution." *In re Guardianship of Matejski,* 419 N.W.2d 576, 577 (Iowa 1988). Thus, although the legislature may prescribe regulations for the manner in which the district court exercises its jurisdiction, it cannot eliminate the court's constitutionally-based subject matter jurisdiction. *Schrier,* 573 N.W.2d at 244.

Our decision is also consistent with prior case law. In *Woodbury County Attorney v. Iowa District Court,* 448 N.W.2d 20 (Iowa 1989), we stated that "Iowa has only one court of original jurisdiction, the district court," which "has separate dockets for civil, criminal, juvenile, probate, small claims, and simple misdemeanor cases." 448 N.W.2d at 21. We held that the county attorney's error in filing a case in the wrong docket merely affected the district court's "authority." *Id.* at 22.

A Florida District Court of Appeal applied similar reasoning in a case bearing a striking resemblance to the matter before us. In *Turner v. State,* 769 So.2d 1108 (Fla.Dist.Ct.App.2000), the Florida court of appeals considered the effect of a prosecution decision to charge a juvenile as an adult instead of filing the charge in juvenile court as required by the applicable Florida statute. 769 So.2d at 1108. The court held "that the fact the case should have been filed in juvenile court did not involve a failure of subject matter jurisdiction 'because the juvenile court and the

criminal court are divisions of the circuit court.'" *Id.*

As a final matter, we note that the Arizona Court of Appeals has interpreted statutory language identical to section 232.8(1)(*a*) as referring to the court's authority, not its subject matter jurisdiction. In *State v. Marks,* 186 Ariz. 139, 920 P.2d 19 (1996), the Arizona appellate court held that the juvenile court's "exclusive original jurisdiction" did not deprive Arizona's court of general jurisdiction, the superior court, of subject matter jurisdiction over juvenile crime. 920 P.2d at 22. In that case a juvenile was convicted in adult court after his case had been transferred from juvenile court. *Id.* at 21. On appeal, he challenged the adult court's subject matter jurisdiction, claiming errors in the transfer proceeding precluded the adult court from obtaining jurisdiction. *Id.* The Arizona court rejected this contention, in part, on the following ground:

> [The Arizona statute granting the juvenile court "exclusive original jurisdiction" over certain proceedings concerning juveniles] defines the point of origin within the superior court for the prosecution of a juvenile felony. Such a prosecution must commence in a juvenile division, which must make the threshold determination whether the prosecution should proceed as a delinquency in a juvenile division or be transferred to an adult division and proceed as a crime.
>
> What then is the consequence when, as here, the transfer proceedings are flawed? The consequence is to deprive the adult division of personal jurisdiction over an improperly transferred defendant. Specifically, the faulty transfer does not deprive the superior court of subject matter jurisdiction over the crime....

*Id.* at 22 (citations omitted).

On close inspection, our transfer provisions, sections 232.8 and 232.45, likewise

appear to concern what the Arizona court termed "personal jurisdiction." In section 232.8(3), the legislature provided that "[t]he juvenile court, after a hearing and in accordance with the provisions of section 232.45, may waive *jurisdiction of a child* alleged to have committed a public offense so that the child may be prosecuted as an adult." Iowa Code § 232.8(3) (emphasis added). Similarly, in section 232.45 the legislature refers to the filing of a "motion requesting the court to waive its *jurisdiction over the child* for the alleged commission of the public offense." *Id.* § 232.45 (emphasis added). These statutes clearly focus on jurisdiction of the child, i.e., jurisdiction over a particular case, rather than subject matter jurisdiction.

█ In summary, we confirm what we held in *Yodprasit:* sections 232.8 and 232.45 address the authority of the district court to adjudicate charges of delinquent acts, not its subject matter jurisdiction over such cases. Consequently, any failure to comply with the transfer procedure merely affects the authority of the district court to hear the case. Whether noncompliance takes the form of faulty proceedings, as in *Yodprasit*, or the form of a total absence of such proceedings, as occurred here, makes no difference. In both instances the district court's subject matter jurisdiction over such cases, as granted by the Iowa Constitution, is unaffected. Thus, the lack of a proper transfer from juvenile court is simply a defect in the district court's authority that can be waived.

█ That is what happened here. Even if an appropriate transfer of "jurisdiction of the child"—Emery—was not ac- complished, the district court had subject matter jurisdiction. Any deficiency in the district court's authority was waived when the defendant failed to object to the district court's adjudication of his case. The court of appeals erred in concluding otherwise.

V. *Does the Mandatory Minimum Sentence of Section 124.413 Apply to the Defendant's Drug Conviction?*

█ A. *Application of section 124.413.*[3] Emery argues the district court erred in sentencing him to the mandatory minimum one-third sentence required by section 124.413 because section 124.413 does not apply to juveniles subject to section 232.8(1)(c). This argument rests on the fact that section 232.8(1)(c) does not specifically mention the mandatory minimum sentencing provisions of section 124.413. We find no merit in the defendant's contention.

Section 232.8(1)(c) states: "A child ... [,] who is convicted of a violation excluded from the jurisdiction of the juvenile court under this paragraph, shall be sentenced pursuant to section 124.401B, 902.9, or 903.1." This court has previously held that the legislature's reference in section 232.8(1)(c) to the general sentencing statutes for adult felons and misdemeanants— sections 902.9 and 903.1—indicates an intent that these statutes "be applied in conjunction with the other relevant statutes that modify and supplement these general sentencing provisions." *State v. Iowa Dist. Ct. for Black Hawk County*, 616 N.W.2d 575, 581 (Iowa 2000). In the *State v. District Court* case, the juvenile offend-

---

**3.** In pertinent part section 124.413 provides that a person sentenced pursuant to section 124.401(1)(*b*) "shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law." Iowa Code § 124.413. It is undisputed that Emery was sentenced pursuant to section 124.401(1)(*b*) on the possession-of-metham- phetamine-with-intent-to-deliver conviction.

er argued that, because section 232.8(1)(c) did not specifically refer to the statutes requiring defendants committing certain offenses to serve eighty-five percent of their sentence, these sentencing statutes did not apply to juveniles excluded from the jurisdiction of the juvenile court under section 232.8(1)(c). *Id.* In dismissing this contention, we held that " '[n]othing in the language of section 232.8(1)(c) suggests that juveniles who commit forcible felonies and are automatically subject to prosecution as adults are to be subject to sentencing limits any different than those imposed upon similarly-situated adults.' " *Id.* (quoting *Edgington,* 601 N.W.2d at 34).

The same reasoning applies here. Nothing in section 232.8(1)(c) suggests that juveniles who commit one of the specified drug offenses and are prosecuted as adults are to be sentenced any differently than similarly situated adults. We conclude, therefore, that absent an applicable exemption, Emery is subject to the mandatory minimum sentence imposed by section 124.413.

■■■ B. *Section 232.45(14) exemption.* The defendant claims that even if the adult sentencing statutes apply to juveniles falling within section 232.8(1)(c), he is exempted from the mandatory minimum sentencing provision by Iowa Code section 232.45(14). Section 232.45(14) provides in relevant part:

> If a child who is alleged to have delivered, manufactured, or possessed with intent to deliver or manufacture, a controlled substance except marijuana, as defined in chapter 124, *is waived to district court* for prosecution, the mandatory minimum sentence provided in section 124.413 shall not be imposed if a conviction is had. . . .

Iowa Code § 232.45(14) (emphasis added).

It cannot be disputed that the defendant was not literally "waived" to district court

for prosecution of his drug offense. Rather, as we have already observed, his drug offense was excluded from the jurisdiction of the juvenile court by section 232.8(1)(c), and consequently, that charge was filed initially in district court. The defendant argues, however, that it should make no difference whether he was transferred into adult court or whether the charges were originally filed there. Because he is a "child," he asserts, he should not be subject to the mandatory minimum sentence of section 124.413.

The problem with the defendant's argument is that the legislature did not state that children in general were not subject to the mandatory minimum. The legislature only exempted children "waived to district court." We have previously held that juveniles waived to district court do not encompass juveniles subject initially to the authority of the district court. *State v. Gilliland,* 604 N.W.2d 666, 667 (Iowa 2000); *Edgington,* 601 N.W.2d at 33.

In *Edgington,* we interpreted section 232.8(3), which permits the juvenile court to "waive jurisdiction of a child alleged to have committed a public offense so that the child may be prosecuted as an adult." Iowa Code § 232.8(3). That statute provides that if the child pleads guilty or is found guilty, the court may grant a deferred judgment. *Id.* The juvenile in *Edgington,* like the juvenile here, had committed a crime that was excluded from the jurisdiction of the juvenile court pursuant to section 232.8(1)(c). *Edgington,* 601 N.W.2d at 31–32. In holding that the defendant had not been waived to district court when he was excluded from the juvenile court's jurisdiction under section 232.8(1)(c), we stated:

> The defendant initially mischaracterizes his situation as one is which he was "automatically waived" or "previously

waived" to adult court. It is evident from the express language of Iowa Code section 232.8(1)(*c*) that his violation was excluded from the jurisdiction of the juvenile court and he was subject to the "initial, direct jurisdiction of the district court." Neither the record nor the applicable law support the conclusion that the defendant was ever "waived" to adult court.

*Id.* at 33 (citation omitted). This court concluded "the authority to grant a deferred judgment under section 232.8(3) is limited to cases in which juvenile court jurisdiction has been waived. It has no application to a case which was excluded from the juvenile court's jurisdiction." *Id.* (emphasis omitted).

The same reasoning applies to the present case. Section 232.45(14) deals with children who are "waived to district court for prosecution." That is not the situation here. Emery's drug offense was excluded from the juvenile court's jurisdiction and consequently was never filed in juvenile court. Therefore, he was not "waived to district court for prosecution."

The defendant points out that section 232.45(14), exempting waived children from the mandatory minimum, predates section 232.8(1)(*c*), excluding certain children from the jurisdiction of the juvenile court. He claims that if section 232.45(14) reached all juvenile drug offenders in adult court prior to the adoption of section 232.8(1)(*c*), "it probably was intended to reach them after adoption of [section 232.8(1)(*c*)], absent some express indication of a contrary legislative intent." We think there is an expression of contrary legislative intent. If the legislature had wanted section 232.45(14) to apply to children falling under section 232.8(1)(*c*), it could have amended section 232.45(14) to say so. Because it did not, this court is not at liberty to read such an amendment

into the statute. *See Eaton v. Iowa Employment Appeal Bd.*, 602 N.W.2d 553, 556 (Iowa 1999).

■ C. *Equal protection.* Finally, we reject the defendant's contention that our interpretation of the relevant statutes results in a violation of his rights to equal protection. *See* U.S. Const. amend XIV, § 1. Emery argues that it is a violation of the Equal Protection Clause to impose the mandatory minimum sentence on juveniles who are subject to prosecution as adults under section 232.8(1)(*c*), but not impose the mandatory minimum sentence on juveniles who are waived to the district court pursuant to section 232.45(1). He contends there is no reason to treat such children differently since they both "fac[e] adult sentencing."

This court has already rejected an identical equal protection challenge to section 232.8(1)(*c*) in *State v. Mann*, 602 N.W.2d 785, 791–93 (Iowa 1999). In *Mann*, we held that the legislature could constitutionally distinguish between those juveniles waived into district court and older juveniles automatically within the jurisdiction of the district court. 602 N.W.2d at 793. Our decision in *Mann* disposes of any equal protection claim here.

### VI. *Summary.*

The State's failure to follow the transfer procedures of section 232.45 with respect to the weapons charges filed against the defendant did not deprive the district court of subject matter jurisdiction. Even if the absence of a proper transfer impacted the district court's authority to adjudicate these offenses, the defendant's guilty plea waived any objections. We vacate the court of appeals' contrary decision.

Because Emery was subject to the initial jurisdiction and authority of the district court with respect to his drug offense, he

is subject to sentencing as an adult, absent an express exemption. Adult sentencing provisions include the mandatory minimum sentence of section 124.413 required for certain drug convictions. The section 232.45(14) exemption of juveniles waived to district court does not apply because the defendant was not waived to district court. The different treatment of juveniles transferred to district court and juveniles excluded from juvenile court jurisdiction does not violate the Equal Protection Clause.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur, except STREIT, J., who takes no part.