# Order

Michigan Supreme Court
Lansing, Michigan

January 18, 2013

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack,
Justices

143469

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellant,

v

CHRISTOPHER BLAYNE KIYOSHK,
　　　　Defendant-Appellee.
_____/

SC: 143469
COA: 295552
Kalamazoo CC: 06-001463-FJ

　　　　On October 10, 2012, the Court heard oral argument on the application for leave to appeal the June 2, 2011 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to that court for consideration of defendant's ineffective assistance of counsel claim. A circuit court's authority to exercise jurisdiction over a defendant charged with a felony committed as a minor constitutes a question of personal, not subject matter, jurisdiction. "Subject matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case." *People v Lown*, 488 Mich 242, 268 (2011) (emphasis, citations, and internal quotation marks omitted). The circuit court possessed subject matter jurisdiction here, as "Michigan circuit courts are courts of general jurisdiction and unquestionably have [subject matter] jurisdiction over felony cases." *Id.* Defendant's age when the offense was committed does not pertain to the "kind or character" of the case, but rather constitutes a defendant-specific, "particular fact[]." Whether defendant was of an age that made circuit court jurisdiction appropriate is thus a question of personal jurisdiction. See *People v Veling*, 443 Mich 23, 31-32 (1993) (noting that statutory procedures which divested the juvenile court of exclusive jurisdiction over qualifying juveniles who committed certain offenses operated to give "the circuit courts *personal* jurisdiction over those juveniles") (emphasis added); accord *Twyman v State*, 459 NE2d 705, 708 (Ind, 1984) ("The age of the [juvenile] offender . . . is merely a restriction on the personal jurisdiction possessed by a criminal court."); *State v Emery*, 636 NW2d 116, 122 (Iowa, 2001), quoting *State v Marks*, 920 P2d 19, 22 (Ariz App, 1996) (consequence of flawed transfer proceeding from juvenile to adult court is to "deprive the adult division of personal jurisdiction"); *Sawyers v State*, 814 SW2d 725, 729 (Tenn, 1991) (absence of proper transfer order from juvenile to criminal court "cannot be said to affect the court's

subject matter jurisdiction"); *State v Kelley*, 537 A2d 483, 488 (Conn, 1988) ("[Q]uestions relating to the propriety of the transfer of a juvenile from the docket for Juvenile Matters to the regular criminal docket do not implicate the Superior Court's subject matter jurisdiction."). "[A] party may stipulate to, waive, or implicitly consent to *personal* jurisdiction." *Lown*, 488 Mich at 268 (citations omitted). Therefore, by entering a guilty plea in the circuit court, and failing to contest the circuit court's jurisdiction, defendant implicitly consented to that court's exercise of personal jurisdiction.

HATHAWAY and MCCORMACK, JJ., not participating.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 18, 2013 _____          _____

t0116                                                                                          Clerk