# IN THE COURT OF APPEALS OF IOWA

No. 17-1034
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ELIJAH JAVON WILSON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.


        Elijah Javon Wilson appeals his conviction for first-degree robbery.
**AFFIRMED.**



        John L. Dirks of Dirks Law Firm, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.



        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Elijah Wilson appeals his conviction for first-degree robbery, in violation of Iowa Code section 711.2 (2016). Wilson claims the district court abused its discretion by sentencing him to prison instead of placing him on probation. Wilson also claims he received ineffective assistance because defense counsel permitted him to plead guilty, thereby waiving his claim the matter should be transferred to juvenile court. We affirm the district court, but determine Wilson's claim of ineffective assistance should be preserved for possible postconviction proceedings.

## I.    Background Facts & Proceedings

On July 28, 2016, Wilson, age sixteen, and a friend, Kemonte Todd, age eighteen, robbed Muhammid Madni. Todd was carrying a pellet gun and Wilson was carrying a stun gun. Todd struck Madni and struggled to take his wallet. Wilson shocked Madni approximately twenty times during the course of the robbery. After taking Madni's money, Wilson and Todd ran in opposite directions. Todd was apprehended approximately one block south. He admitted to the robbery and implicated Wilson as an accomplice. After questioning, Wilson also admitted to the robbery.

Wilson was charged with first-degree robbery. On August 5, 2017, Wilson filed a motion to transfer the case to juvenile court. The district court denied Wilson's motion, citing a lack of time and resources, Wilson's culpability, the severity of the offense, and the effect on the victim.

On April 7, Wilson pled guilty to first-degree robbery, in violation of section 711.2, a class "B" felony. The State agreed not to recommend the imposition of a mandatory minimum sentence. The presentence investigation report recommended a prison sentence over probation. At sentencing, the State argued for a term of imprisonment not to exceed twenty-five years and Wilson argued for a deferred judgment. The district court specifically noted,

> The Court has reviewed the exhibits provided by the defense at today's hearing, including the Reverse Waiver Report and I have also reviewed the Presentence Investigation Report completed by the Department of Correctional Services and considered the arguments of counsel. I also am familiar with the decision cited by the defense, *State v. Lyle* and *State v. Roby* and have considered the factors that the defense brought to the Court's attention in those matters as well. And in reviewing the case, the Court determines that at this point in time, the request for a deferred judgment should be denied. And I am going to pronounce judgment and sentence today based on the factors that I already mentioned and the factors set out in Iowa Code Section 907.5 and, again, I have considered the factors set forth in the case law, including but not limited to, you know, age, prior record, family circumstances, etcetera, of the defendant and I do believe that the recommendations of the First Judicial District Department of Correctional Services in this case are appropriate and I do not believe that those recommendations are mutually exclusive of rehabilitation. I do believe Mr. Wilson is capable of rehabilitation and I believe that can happen under the order the Court is imposing today.
>
> And so I will sentence Mr. Wilson to a term of imprisonment not to exceed 25 years. No mandatory minimum will apply to that.

Wilson now appeals.

## II.     Sentencing

Wilson claims the district court abused its discretion by sentencing him to twenty-five years in prison with no mandatory minimum. Wilson claims the district court should have applied the five-factor tests of *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), and *State v. Roby,* 897 N.W.2d 127, 135 (Iowa 2017).   Wilson

believes the factors lead "to the conclusion that prison is counterproductive in his case" and, therefore, an abuse of discretion.

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.* However, "the special considerations involved in sentencing a juvenile offender to an adult sentence similarly mean that, 'even under this deferential standard, an appellate court should view such a sentence as inherently suspect,' and 'cannot merely rubber-stamp the trial court's sentencing decision.'" *Roby*, 897 N.W.2d at 138 (citation omitted).

Our supreme court has declined to extend the *Lyle* factors to cases without a mandatory minimum. *State v. Propps*, 897 N.W.2d 91, 101 (Iowa 2017). Even though it was not required, the district court did consider the *Lyle* factors. In combination with the presentence investigation, Wilson's age, prior criminal record, and family circumstances, the district court determined a deferred judgment was inappropriate and a prison sentence offered a better opportunity to promote rehabilitation. The presentence investigation report showed Wilson incurred several juvenile offenses leading to juvenile probation, from which he was unsuccessfully discharged. The report also noted Wilson took no personal

responsibility for the robbery and instead attempted to blame Todd for pressuring him to commit the crime.

We find the district court properly evaluated a number of factors, including the *Lyle* factors. We note the district court specially considered Wilson's ability for rehabilitation and tailored the sentence to promote that outcome. Because the sentence is indeterminate with no minimum, Wilson is immediately eligible for parole and "able to demonstrate by his own actions his maturation and rehabilitation." *See Propps,* 897 N.W.2d at 101*.*

### III.    Ineffective Assistance

Wilson claims he received ineffective assistance because defense counsel permitted him to plead guilty to first-degree robbery. Wilson's guilty plea waived any objection to his claim the case should be transferred to juvenile court. *See State v. Emery*, 636 N.W.2d 116, 121 (Iowa 2001) (citing *State v. Yodprasit*, 564 N.W.2d 383, 384-85 (Iowa 1997)). "A defendant can, however, challenge the validity of his guilty plea by proving the advice he received from counsel in connection with the plea was not within the range of competence demanded of attorneys in criminal cases." *State v. Carroll*, 767 N.W.2d 638, 642 (Iowa 2009). Wilson claims his case should have been transferred to juvenile court, and he states he received ineffective assistance based on defense counsel's advice to plead guilty.

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). In order to prove ineffective assistance

of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Carroll*, 767 N.W.2d at 641.

Claims of ineffective assistance of counsel are an exception to the normal rules of error preservation. *State v. Clark*, 814 N.W.2d 551, 567 (Iowa 2012). "Although we ordinarily preserve ineffective-assistance-of-counsel claims for postconviction relief actions where a proper record can be developed, 'we will address such claims on direct appeal when the record is sufficient to permit a ruling.'" *State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013) (citation omitted). We will address a claim of ineffective assistance of counsel on direct appeal only if the record is adequate. *Clark*, 814 N.W.2d at 567.

We find the present record is not adequate to address Wilson's claim of ineffective assistance of counsel. We determine Wilson's claim of ineffective assistance should be preserved for possible postconviction proceedings.

We affirm Wilson's conviction and sentence.

**AFFIRMED.**