**STATE of Iowa, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR BLACK HAWK COUNTY, Defendant.**

No. 99–1441.

Supreme Court of Iowa.

Sept. 7, 2000.

576

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Joel Dalrymple, Assistant County Attorney, for plaintiff.

Lee M. Walker and John E. Billingsley of Walker, Knopf & Billingsley, Newton, for defendant.

TERNUS, Justice.

The question to be answered in this case is whether Iowa Code section 232.8(1)(*c*) (1999) precludes imposition of the mandatory minimum sentence required by Iowa Code sections 902.12 and 903A.2(1)(*b*), commonly known as the 85% rule. We hold, contrary to the district court's ruling, that it does not. Therefore, we sustain the writ of certiorari, vacate the defendant's sentence, and remand for resentencing.

### I. *Background Facts and Proceedings.*

The defendant in the underlying criminal matter, Dezmond Thurmond, a minor, was charged with second-degree robbery, a class "C" felony. *See* Iowa Code §§ 711.1, .3.[1] Because the defendant was seventeen years old when the crime was committed and because second-degree robbery is a forcible felony, the district court rather than the juvenile court had jurisdiction. *See id.* § 232.8(1)(*c*) (stating that "[v]iolations of a child, age sixteen or older, ... which constitute a forcible felony are excluded from the jurisdiction of the juvenile court"). The defendant's case was tried to a jury, which found the defendant guilty as charged.

Subsequently, the defendant filed a motion to adjudicate law points, asking the court to rule that Iowa Code sections 902.12 and 903A.2(1)(*b*) did not apply to him. Section 902.12 requires that defendants convicted of certain forcible felonies, including second-degree robbery, serve 100% of the maximum sentence, subject to the provisions of section 903A.2. *See id.* § 902.12. The latter statute allows felons convicted of a section 902.12 offense to reduce their sentences by no more than 15% for good conduct. *See id.* § 903A.2(1)(*b*). These statutes in combination, then, require persons convicted of the specified forcible felonies to serve 85% of their sentences before they are eligible for parole or work release. The district court granted the defendant's motion and ruled that the 85% rule did not apply to a juvenile age sixteen or older convicted of a forcible felony in district court.

Thereafter, the district court sentenced the defendant to an indeterminate term of incarceration not to exceed ten years. *See* Iowa Code § 902.9 (setting forth a maximum sentence of ten years for a person convicted of a class "C" felony). The court did not impose the mandatory minimum sentence required by sections 902.12 and 903A.2(1)(*b*).

The State filed a petition for writ of certiorari, contending that the district court erred in failing to impose the mandatory minimum sentence applicable to adults committing certain forcible felonies. The State asserts this error has resulted in an illegal sentence. *See* Iowa R. Civ. P. 306 ("A writ of certiorari shall only be granted ... where an inferior tribunal ..., exercising judicial functions, is alleged to have exceeded proper jurisdiction or otherwise acted illegally."). The defendant now argues in response that the question of whether sections 902.12 and 903A.2(1)(*b*) apply is not ripe for determination.

### II. *Scope of Review.*

 We review the ruling of the district court on the defendant's motion to adjudicate law points for the correction of legal error. *See State v. Mann,* 463 N.W.2d 883, 883 (Iowa 1990). The appropriateness of the district court's action

---

**1.** All references in this opinion to "the defendant" are to Thurmond, the real party in interest, rather than to the nominal defendant, the Iowa District Court.

turns on the correctness of its interpretation of the relevant statutes. We review a district court's interpretation of statutes for correction of errors of law, as well. *See State v. Terry,* 569 N.W.2d 364, 366 (Iowa 1997).

### III. *Governing Principles of Statutory Construction.*

■ "The primary rule of statutory interpretation is to give effect to the intention of the legislature." *State v. Casey's Gen. Stores, Inc.,* 587 N.W.2d 599, 601 (Iowa 1998). We presume that when the legislature enacts a statute that it intends "[a] just and reasonable result." Iowa Code § 4.4(3). Accordingly, the court interprets statutes so as to avoid absurd results. *See State v. Ceron,* 573 N.W.2d 587, 590 (Iowa 1997). In addition, we "construe statutes that relate to the same or a closely allied subject together so as to produce a harmonious and consistent body of legislation." *Casey's Gen. Stores,* 587 N.W.2d at 601.

### IV. *Ripeness of Issue.*

Before we consider the merits of the issue before us, we must preliminarily address the defendant's contention that the issue is not ripe for determination. The defendant asserts that the 85% rule of sections 902.12 and 903A.2(1)(*b*) operates as a limitation on the executive branch, namely, the Department of Corrections and the Board of Parole. He contends, therefore, that the district court's only duty is to impose an indeterminate ten-year sentence pursuant to Iowa Code section 902.9. Not until the executive branch agencies determine whether the defendant may be released on parole or work release will the applicability of sections 902.12 and 903A.2(1)(*b*) be implicated, he argues.

■ A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative. *See State v. Backes,* 601 N.W.2d 374, 375 (Iowa App.1999); Black's Law Dictionary 1328 (6th ed.1990).

The basic rationale for the ripeness doctrine

> is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Lab. v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691 (1967), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192, 199 (1977); *accord* 2 Am.Jur.2d *Administrative Law* § 485, at 474–75 (1994).

■ Our first step here is to determine whether the ripeness doctrine is even implicated. In other words, is the applicability of sections 902.12 and 903A.2(1)(*b*) an administrative decision for the Department of Corrections and Board of Parole, or is it a judicial decision for the sentencing court? For the reasons that follow, we think this question is one for the courts to decide.

■ Although the legislature prescribes the punishment for crimes, the actual sentencing of a defendant is an independent function that is the sole province of the judiciary. *See State v. Iowa Dist. Ct. for Shelby County,* 308 N.W.2d 27, 30 (Iowa 1981). A sentencing court must

> designate[ ] the maximum term established by statute. Unless the legislature has prescribed a minimum term which must be served, the duration of the sentence is determined by the parole board. When a minimum sentence is prescribed, however, the legislature ordinarily requires a judicial determination of its applicability.

*State v. Wilson,* 314 N.W.2d 408, 409 (Iowa 1982) (citation omitted). We turn now to the statutes at issue to determine whether

they establish a mandatory minimum sentence.

Iowa Code section 902.12 provides that persons convicted of specified forcible felonies "shall serve one hundred percent of the maximum term of the person's sentence and shall not be released on parole or work release," except as otherwise provided in section 903A.2. Section 903A.2 in general allows inmates to reduce their sentences for good behavior, earning a reduction of sentence of one day for each day of good conduct and up to five additional days per month for satisfactory participation in designated activities. *See* Iowa Code § 903A.2(1)(*a*). Inmates sentenced pursuant to section 902.12, however, are limited to a total reduction of only 15% of their sentences. *See id.* § 903A.2(1)(*b*). The practical effect of these two statutes is to require that a defendant convicted of a forcible felony listed in section 902.12 must serve at least 85% of his sentence. *See State v. Phillips,* 610 N.W.2d 840, 841 (Iowa 2000).

■ The fact that section 902.12 was placed in chapter 902, governing the sentencing of felons, rather than in chapter 903A, governing the reduction of sentences for good conduct, indicates a legislative intent that section 902.12 operate as a minimum sentence as opposed to a restriction on the power of the parole board. *See Wharton v. Iowa Bd. of Parole,* 463 N.W.2d 416, 417 (Iowa 1990); *Wilson,* 314 N.W.2d at 409–10. Of course, section 903A.2 is found in the chapter governing reduction of sentences for good conduct time and so would function as a limitation on the executive agencies administering the sentence imposed by the court. But the express terms of section 902.12 require that section 903A.2 be considered as a qualification of the minimum sentence that must be served by felons subject to section 902.12. We hold, therefore, that these statutes together impose a mandatory minimum sentence and, accordingly, it is the court's obligation to determine their applicability to a particular defendant. This conclusion is bolstered by the fact that the factual predicate for application of these statutes—the commission of one of the specified forcible felonies—is necessarily adjudicated in the criminal proceeding. *See Wilson,* 314 N.W.2d at 410 (noting that statutes imposing a mandatory minimum sentence generally require that the facts upon which the minimum sentence is grounded be established at trial). For these reasons, we conclude that the ripeness doctrine is not implicated and does not prevent our review of the issue in this case.

V. *Applicability of Sections 902.12 and 903A.2(1)(b) to a Juvenile Prosecuted Under Section 232.8(1)(c).*

■ As noted earlier, section 232.8(1)(*c*) places jurisdiction in the district court of juveniles age sixteen or older who commit certain specified crimes, including forcible felonies. Unless the court transfers jurisdiction to the juvenile court as allowed by that statute, a juvenile convicted of a violation encompassed in section 232.8(1)(*c*) "shall be sentenced pursuant to section 124.401B, 902.9, or 903.1." [2] *See* Iowa Code § 232.8(1)(*c*). The defendant argues that because section 232.8(1)(*c*) does not specifically list sections 902.12 and 903A.2(1)(*b*), the legislature did not intend these statutes to be applied to juveniles prosecuted under section 232.8(1)(*c*). If his argument is correct, the defendant would be subject only to section 902.9, providing for an indeterminate ten-year sentence for a person convicted of a class "C" felony, and would remain eligible for a 50% reduction of his sentence for good conduct under section 903A.2(1)(*a*).

**2.** Iowa Code section 124.401B imposes an additional penalty on persons convicted of certain drug offenses when the crimes occur within a specified proximity to schools, public parks, and other designated areas. Iowa Code section 902.9 specifies the maximum sentences for felonies. Similarly, Iowa Code section 903.1 sets forth the maximum sentences for misdemeanors.

We reject the defendant's interpretation of section 232.8(1)(c) because it would lead to absurd results inconsistent with legislative intent. *See generally State v. Draper,* 457 N.W.2d 600, 603–04 (Iowa 1990) (rejecting defendant's interpretation of pertinent sentencing statutes because it would lead to an absurd result). A review of the legislative scheme for the prosecution of juveniles will illustrate this point.

■■■ One category of juvenile offenders consists of children who are initially subject to district court jurisdiction, rather than juvenile court jurisdiction. This group encompasses juveniles age sixteen and older under two different sets of circumstances: (1) juveniles, age sixteen and older, who commit specified crimes, including forcible felonies, *see* Iowa Code § 232.8(1)(c); and (2) juveniles, age sixteen and older, who have previously been waived to and convicted of an aggravated misdemeanor or a felony in district court and who have been charged with a subsequent aggravated misdemeanor or felony, *see id.* § 232.45A(2). All other juveniles are subject, at least initially, to juvenile court jurisdiction. *See id.* § 232.8(1)(a).

■■■ The second relevant category of children consists of those juveniles, age fourteen and older, over whom the juvenile court may waive jurisdiction so they may be prosecuted in district court. *See id.* §§ 232.8(3), .45(1). These juveniles may be prosecuted as adults or as youthful offenders. *See id.* § 232.8(3). Youthful offender status is available to children age fifteen or younger who have committed a section 232.8(1)(c) offense. *See id.* § 232.45(7). If convicted as a youthful offender, the juvenile's sentence is deferred and supervision of the child is transferred back to the juvenile court. *See id.* § 907.3A(1). If the youthful offender is returned to the jurisdiction of the district court, *see id.* §§ 232.54(8), .56, the district court may defer sentence or may enter a sentence and suspend it, "[n]otwithstanding any provision of the Code which prescribes a mandatory minimum sentence for the offense committed by the youthful offender." *See id.* § 907.3A(3). If the child waived to district court is not given youthful offender status and is convicted as an adult of a forcible felony, the child is eligible for a deferred judgment, *see id.* § 232.8(3), despite the fact that an adult convicted of a forcible felony is not eligible to have judgment deferred, *see id.* § 907.3.

From this statutory scheme we conclude that the legislature intended to treat older juveniles committing more serious crimes and older juveniles who are repeat offenders more severely than younger juveniles. *See generally State v. Mann,* 602 N.W.2d 785 at 793 (1999) (holding that legislative scheme that punishes older juveniles more severely than younger juveniles does not violate the Equal Protection Clause). The defendant's interpretation of the sentencing provision of section 232.8(1)(c) would, however, be contrary to this legislative intent.

Let us suppose that a fourteen-year-old child commits second-degree robbery, a forcible felony. The juvenile court waives jurisdiction to the district court and he is prosecuted as an adult, not as a youthful offender. If he is convicted, the sentencing court would be faced with two alternatives: a deferred judgment as authorized by section 232.8(3), or the mandatory minimum sentence required by section 902.12.[3] An option more lenient than the latter alternative—an indeterminate prison sentence—would not be available. Thus, under the defendant's suggested interpretation of section 232.8(1)(c), a younger juvenile committing the same crime as

---

3. In a recent amendment to section 232.8(3), the legislature gave the sentencing court authority to suspend the sentence of a juvenile prosecuted as an adult under this section provided the juvenile was not found guilty of a class "A" felony. *See* 2000 Iowa Acts ———,

§ 1. This amendment does not change the validity of our analysis in the present case because the amendment did not waive the mandatory minimum sentence for a juvenile not given the benefit of a deferred judgment or a suspended sentence.

the defendant could be punished more severely.

We do not think this incongruous result—where younger offenders are treated more harshly than older offenders—was intended by the legislature. Rather, we conclude that the legislature's reference in section 232.8(1)(c) to the general statutes for sentencing adult felons and misdemeanants indicates its intent that sections 902.9 and 903.1 be applied in conjunction with the other relevant statutes that modify and supplement these general sentencing provisions. As this court stated in a recent case also interpreting section 232.8(1)(c), "Nothing in the language of section 232.8(1)(c) suggests that juveniles who commit forcible felonies and are automatically subject to prosecution as adults are to be subject to sentencing limits any different than those imposed upon similarly-situated adults." *State v. Edgington,* 601 N.W.2d 31, 34 (Iowa 1999) (holding juveniles prosecuted in district court pursuant to section 232.8(1)(c) are not eligible for deferred judgments).

The interpretation we give to section 232.8(1)(c) will result in a system that punishes older juveniles who commit more serious crimes more severely than younger juveniles, thereby giving effect to the legislature's intent to progressively increase the punishment of juvenile offenders as they become older. *See generally Mann,* 602 N.W.2d at 793 (noting legislature's desire to punish older juveniles more severely than younger juveniles). This interpretation is also consistent with this court's long history of reading general sentencing statutes *in pari materia* with specific sentencing provisions found elsewhere in the Code. *See, e.g., State v. Carstens,* 594 N.W.2d 436, 437 (Iowa 1999) (stating that section 902.9, the general sentencing statute for felony violations, "must be read *in pari materia* with specific sentencing provisions found elsewhere in the Code"); *State v. Daniel,* 574 N.W.2d 333, 335 (Iowa 1998) (requiring that sentencing provisions of sections 124.401(5), 901.5(10) and 903.1 be read together to ascertain legislative

intent); *State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979) (stating that section 321.281, providing punishment for first-offense operating while intoxicated, must be read *in pari materia* with section 901.5, granting courts the authority to defer judgment, defer sentence or suspend sentence). Finally, we think that if the legislature had intended that juveniles subject to section 232.8(1)(c) be exempt from the harshness of adult sentencing, it would have specifically said so, as it has in other places in the Code. *See* Iowa Code § 232.8(3) (providing that juvenile waived to district court may be given a deferred judgment "without regard to restrictions placed upon deferred judgments for adults"); *id.* § 232.45(14) (providing that children waived to district court for prosecution for certain drug violations are not subject to the mandatory minimum sentence set forth in section 124.413); *id.* § 907.3A(3) (providing that youthful offenders are not subject to mandatory minimum sentences).

In conclusion, we hold that the trial court erred in ruling that the defendant was not subject to the 85% rule of sections 902.12 and 903A.2(1)(b). Therefore, we sustain the writ of certiorari, vacate the defendant's sentence, and remand for resentencing in accordance with this opinion. *See generally* Iowa Code § 901.6 ("In every case in which judgment is entered, the court shall include in the judgment entry the number of the particular section of the Code and the name of the offense under which the defendant is sentenced...."); Iowa R.Crim. P. 22(3)(d) (same); *State v. Victor,* 310 N.W.2d 201, 205 (Iowa 1981) (same).

**WRIT SUSTAINED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

All justices concur except NEUMAN, J., who takes no part.