**26TH AND E.P. TRUE, L.C., an Iowa Limited Liability Company, Appellee,**

v.

**Carleton D. Beh Trust and Carleton D. Beh, Jr., Trustee, Appellees,**

and

**CITY OF WEST DES MOINES, IOWA, a Municipal Corporation, Appellant.**

**No. 99–0079.**

Supreme Court of Iowa.

Jan. 24, 2002.

Jeffrey L. Goodman and Robert K. Du-Puy of Pingel & Templer, P.C., West Des Moines, for appellant.

David J. Darrell and E. Ralph Walker of the Walker Law Firm, P.C., Des Moines, for appellee 26th & E.P. True.

David A. Tank and Amy C. Churchill of Davis, Brown, Koehn, Shors & Roberts,

---

P.C., Des Moines, for appellees Beh Trust and Carleton D. Beh, Jr.

PER CURIAM.

The buyer and seller of a parcel of real estate in West Des Moines, acting on the alleged promises of city authorities that access to a particular street would be granted, entered into a contract for the sale and purchase of the property. When the city refused access to this street, this litigation ensued. The buyer sued the seller for rescission of the contract and for damages. The seller, in turn, sued the city as a third-party defendant.

The district court severed the claims and tried the rescission claim as an equity matter. It reserved the third-party claim for later trial to a jury. That claim, against the city, has not yet been tried. All of the parties filed interlocutory appeals of the court's rescission ruling. The buyer and seller subsequently dismissed their appeals, and only the city's appeal remains. We now dismiss the city's appeal as being unripe.

The only issues now before us involve the city's claims that the court erred in (1) allowing evidence of, and making findings of fact with respect to, statements by city employees about whether the city would permit access; (2) deciding issues regarding the meaning of city ordinances; and (3) concluding the city's witnesses were not credible. The city also inquires, as a fourth issue, whether the real estate buyer, who obtained the rescission judgment, has any remaining claims against the city.

The problem with the city's case at this stage is one of ripeness. The city fears that the district court's findings and conclusions in the rescission suit might be given preclusive effect in the future case against the city. The issue of whether evidence of these matters will be admissible at trial in the next phase of the bifurcated trial—the case involving the city—is not ripe at this time. We have said:

A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative.

*State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000).

Any objection by the city to the introduction of the evidence concerning the first trial will have to await the second trial. When, if ever, the evidence from the first trial is offered in the second, the second trial will be the appropriate place to object. At this stage, the city's issues do not constitute an actual, present controversy.

We dismiss the city's appeal and remand for further proceedings.

**APPEAL DISMISSED.**