# IN THE COURT OF APPEALS OF IOWA

No. 12-0589
Filed May 29, 2014

**CHARLES ROSS,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke,

Judge.

Charles Ross appeals the district court's denial of his application for

postconviction relief.  **AFFIRMED.**

Douglas E. Cook of Cook Law Firm, Jewell, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and William Hill,

Assistant Attorneys General, Ricki Osborn, County Attorney, for appellee State.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**VOGEL, P.J.**

Charles Ross appeals the district court's denial of his application for postconviction relief, claiming the district court erred in affirming the calculations of the Department of Corrections (DOC) regarding Ross's tentative discharge date. Ross asserts his discharge date should be calculated using the 70% minimum sentence requirement found in Iowa Code section 902.12 (2013) ("[m]inimum sentence for certain felonies—eligibility for parole or work release"), rather than the 85% used by the DOC under Iowa Code section 903A.2 ("earned time"). Because we conclude the DOC correctly calculated Ross's tentative discharge date, and the district court properly interpreted the interaction of the relevant statutes, we affirm.

On January 31, 2005, Ross was sentenced to two terms of incarceration not to exceed fifteen years as a result of two second-degree robbery convictions. The sentences were ordered to run concurrently. The DOC calculated Ross's tentative discharge date to be June 18, 2017, pursuant to Iowa Code section 903A.2(1)(b), which provides inmates the ability to reduce their sentence by fifteen percent through the accumulation of earned time (the 85% rule).[1] On April 17, 2011, Ross filed an application for postconviction relief alleging the DOC imposed an illegal sentence by miscalculating his tentative discharge date. A hearing was held, and on March 2, 2012, the district court issued an order finding

---

[1] The pertinent paragraph of section 903A.2 provides:

> Category "B" sentences are those sentences which are subject to a maximum accumulation of earned time of fifteen percent of the total sentence of confinement under section 902.12. An inmate of an institution under the control of the [DOC] who is serving a category "B" sentence is eligible for a reduction of sentence equal to fifteen eighty-fifths of a day for each day of good conduct by the inmate.

Iowa Code § 903A.2(1)(b).

Ross's tentative discharge date was correctly calculated according to the 85% rule found in Iowa Code section 903A.2.[2] Consequently, the court denied Ross's application, and Ross appeals.[3]

We review claims relating to statutory interpretation for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519–20 (Iowa 2003).

Iowa Code section 902.12 states:

A person serving a sentence for conviction of the following felonies, including a person serving a sentence for conviction of the following felonies prior to July 1, 2003, shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence.

This section applies to the crime of robbery, committed in violation of Iowa Code section 711.2 or 711.3. Iowa Code § 902.12(5). In 2003, prior to Ross's conviction and sentencing, this section was amended to eliminate the language "except as otherwise provided in section 903A.2," as well as the provision requiring the defendant to serve the entirety of his sentence. Ross claims that, given this amendment, the 70% rule found in Iowa Code section 902.12 should have been applied when calculating his release date. However, the elimination of the "except as" phrase in section 902.12 does not terminate the relationship between section 902.12 and section 903A.2. Rather, each serves separate functions—the minimum sentence prior to eligibility for parole or work release under section 902.12, and the reduction of sentence through earned time under section 903A.2. *See generally State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 579

---

[2] However, the court noted that, pursuant to Iowa Code section 902.12, the DOC incorrectly calculated Ross's tentative parole date by nine days, and that it should be March 8, 2015.

[3] Ross also filed a pro se brief; however, he does not raise any issues not put forth by appellate counsel, so we do not separately address Ross's arguments.

(Iowa 2000) ("The fact that section 902.12 was placed in chapter 902, governing the sentencing of felons, rather than in chapter 903A, governing the reduction of sentences for good conduct, indicates a legislative intent that section 902.12 operate as a minimum sentence as opposed to a restriction on the power of the parole board."). Consequently, the two code sections were correctly interpreted by the district court, and Ross's release date was properly calculated. We, therefore, affirm the dismissal of his application for postconviction relief pursuant to Iowa Rule of Court 21.26(1)(a), (d), and (e).

**AFFIRMED.**