# IN THE SUPREME COURT OF IOWA

No. 15–1827

Filed November 18, 2016

**SHAWN ALLEN JAMES,**

Appellant,

vs.

**STATE OF IOWA,**

Appellee.

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

An inmate seeks reversal of a district court order denying recalculation of earned-time credit. **DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED WITH DIRECTIONS.**

Shawn Allen James, pro se, for appellant.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee.

**PER CURIAM.**

Shawn Allen James, an offender incarcerated under the control of the Iowa Department of Corrections (IDOC), challenges its calculation of his earned-time credit. The same legal issue is presented in *Breeden v. Iowa Department of Corrections*, ___ N.W.2d ___ (Iowa 2016), decided today. Our holding in *Breeden* is dispositive and requires that James's earned-time credit be recalculated at the rate of 1.2 days for each day of good conduct. *Id.* at ___.

James was convicted of attempted murder and terrorism with intent in violation of Iowa Code sections 707.11 and 708.6 in August of 2000. He was sentenced to an indeterminate term of incarceration not to exceed twenty-five years. Pursuant to Iowa Code section 902.7 (2001),[1] a mandatory minimum sentence of five years for each offense was also imposed. James was a juvenile when he committed the offenses. Attempted murder is a crime listed in Iowa Code section 902.12 that requires offenders to serve a mandatory minimum term of seven-tenths, or seventy percent, of their sentence before being eligible for parole or work release. The IDOC calculated James's earned-time accumulation according to Iowa Code section 903A.2(1) (2001), which provides,

> For purposes of calculating the amount of time by which an inmate's sentence may be reduced, inmates shall be grouped into the following two sentence categories:
>
> *a.* Category "A" sentences are those sentences which are not subject to a maximum accumulation of earned time of fifteen percent of the total sentence of confinement under section 902.12. . . . An inmate of an institution under the

---

[1]Iowa Code section 902.7 provides that if a person is found guilty of a forcible felony "and that the person represented the person was in the immediate possession and control of a dangerous weapon, displayed a dangerous weapon in a threatening manner, or was armed with a dangerous weapon while participating in the forcible felony," the person must serve a minimum of five years before being eligible for parole.

control of the department of corrections who is serving a category "A" sentence is eligible for a reduction of sentence equal to one and two-tenths days for each day the inmate demonstrates good conduct and satisfactorily participates in any program or placement status identified by the director to earn the reduction. . . .

. . . .

*b.* Category "B" sentences are those sentences which are subject to a maximum accumulation of earned time of fifteen percent of the total sentence of confinement under section 902.12. An inmate . . . under the control of the department of corrections who is serving a category "B" sentence is eligible for a reduction of sentence equal to fifteen eighty-fifths of a day for each day of good conduct by the inmate.

The IDOC classified James's sentence as category "B" and computed his earned time at a rate of fifteen eighty-fifths of a day per each day served.

James filed a motion to correct his sentence following this court's decision in *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014) (holding automatic mandatory minimum sentences for juvenile offenders constitute cruel and unusual punishment under the Iowa Constitution). On March 13, 2015, the Iowa District Court for Polk County resentenced James to an indeterminate term not to exceed twenty-five years, *without* the mandatory minimum under section 902.12.[2] The sentencing order did not designate an earned-time accumulation rate, but it provided,

> Any term of incarceration imposed may be reduced from the maximum sentence because of statutory earned time, work credits and program credits. Defendant may be eligible for parole before the sentence is discharged subject to statutory restrictions or sentence reductions.

The IDOC continued to calculate James's earned-time accumulation at fifteen eighty-fifths of a day per each day served (category "B"), rather

---

[2]The district court retained the requirement that James serve a minimum of five years for each offense under Iowa Code section 902.7. However, at the time of the resentencing, these minimums had already been served.

than the faster 1.2 days per day served (category "A"). As such, James's tentative discharge date (TDD), the earliest date he could discharge his sentence, assuming he had all potential earned time, remained January 25, 2023.

James wrote to Offender Services complaining of the calculation, stating, "As of 3-13-15 my 902.12 [mandatory minimum] has been removed from my sentence and I now request that in accordance with my new sentencing order that I be re-classified from Category 'b' sentence to Category 'A' sentence." Tamia Salviati, IDOC records officer, responded by letter on April 6, 2015:

> The DOC is aware of your concerns. However, the decision in the Lyle case did not change the underlying nature of the sentence for which you were convicted. The decision only eliminated the minimum sentence component.
>
> The requirements under 903A.2(1)(b), Category B are still subject to a maximum accumulation of earned time of 15% of the total sentence of confinement under 902.12. An inmate of an institution under the control of the DOC who is serving a category B sentence is eligible for a reduction of sentence equal to fifteen eighty-fifths of a day for each day of good conduct. There is no language in your sentencing order that alters the nature of the conviction under 903A.2(1)(b). Only the minimum sentence was changed.
>
> Therefore, do not expect a change in your TDD.

On April 13, 2015, James filed a pro se motion to correct an illegal sentence in the Iowa District Court for Polk County. The district court denied the motion on April 23, finding that James was not challenging the sentencing order, but instead was challenging the IDOC's "calculation of the time he [was] required to serve under that Court Order." The district court stated the correct form of relief was an application for postconviction relief under Iowa Code section 822.2(*e*) or (*f*) (2015).

On May 4, James filed a pro se application for postconviction relief. On May 14, he filed a brief in support of his application and a motion for summary disposition, asserting the IDOC's calculation of his sentence violated *Lyle*, the text of sections 902.12 and 903A.2, and the Due Process Clause of the Federal Constitution. *See* Iowa Code § 822.6 (allowing summary disposition in postconviction relief actions). Specifically, James alleged his entire sentence should be recalculated as category "A" because his mandatory minimum had been removed. If James's sentence had been calculated under category "A," he alleged he would be eligible for discharge.

The State filed a resistance and cross-motion for summary judgment on June 1, arguing it was the conviction for a crime listed in section 902.12—and not the mandatory minimum imposed by that section—that controlled the earned-time accrual rate. The State asserted that *Lyle* did not alter the methods of calculating earned time because *Lyle* only addressed mandatory minimum sentence requirements, not "earned time accrual rate or any other matter related to the actual length of the sentence of juvenile offenders." At the hearing on August 21, all parties agreed the facts were not in dispute and the issue to be determined was one of law.

On October 19, the district court granted the State's motion for summary judgment and dismissed James's application for postconviction relief. The district court relied on an earlier case from Polk County, *Breeden v. Iowa Department of Corrections*, No. CVCV049065 (Iowa Dist. Ct. May 11, 2015). The district court found that the IDOC correctly classified James's sentence as category "B" and that such classification did not offend *Lyle*, sections 903A.2 and 902.12, or the Iowa

Constitution. James filed a notice of appeal on November 6, and we retained the appeal.

## II. Standard of Review.

Postconviction proceedings, including summary dismissals, are reviewed for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). The district court's interpretation of a statute is reviewed for errors at law. *State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000) (en banc). To the extent James's claim raises constitutional issues, our review is de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## III. Disposition.

Based on our holding today in *Breeden,* we reverse and vacate the district court's ruling and remand this case for entry of an order directing the IDOC to recalculate James's sentence at the category "A" rate for all his time served. ___ N.W.2d at ___.

**DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED WITH DIRECTIONS.**

This opinion shall not be published.