**IN THE COURT OF APPEALS OF IOWA**

No. 17-0429
Filed May 17, 2017

**IN THE INTEREST OF I.B.,**
**Minor Child,**

**K.R., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

     A mother appeals from the juvenile court's adjudicatory and dispositional orders in a child-in-need-of-assistance proceeding.  **APPEAL DISMISSED.**

     Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, for appellant mother.

     Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

     Carrie E. Coyle, Davenport, attorney and guardian ad litem for minor child.

     Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's adjudicatory and dispositional orders in a child-in-need-of-assistance (CINA) proceeding, challenging a factual finding within the court's orders. "We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "Our primary concern is the child[]'s best interests." *Id.*

I.B. was born in October 2016.[1] The mother entered into an agreement with the Iowa Department of Human Services (DHS) to voluntarily place the child in family foster care. The child was subsequently placed in the care and custody of maternal relatives. In November, the State filed a CINA petition.

The voluntary placement agreement expired in early January 2017 after ninety days. The adjudicatory hearing was originally set for a date prior to the expiration of the agreement; however, the mother requested a continuance and the hearing was rescheduled to a date approximately two weeks after the agreement expired. The mother requested the child be returned to her care, but DHS disagreed, citing ongoing safety concerns. A few days before the rescheduled adjudicatory hearing, the State sought an ex parte removal order, which the court granted.

The mother stipulated to the CINA adjudication at the hearing later that week. The court subsequently entered an order adjudicating the child CINA and continuing placement of the child in the temporary custody of the mother's

---

[1] The mother has two other children who have been removed from her custody and are the subject of a separate CINA action.

relatives. In March, the court entered a dispositional order again continuing the child's removal and placement. In both orders, the juvenile court found, "The child has been removed from the care of the parents since October . . . 2016."

The mother complains the juvenile court should not have found the child was removed from her care and custody in October 2016; instead she argues the court should have found the child was removed when the court entered the ex parte removal order in January 2017. The mother fears the district court's factual finding that removal occurred in October 2016 might affect future proceedings in this case.

"A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000). Our rules of judicial restraint generally preclude appellate review of issues that depend on matters not yet developed. *See id.* (noting the ripeness doctrine exists "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements" (citation omitted)). The date of removal does not impact the CINA adjudication or disposition, but rather, potential future proceedings that statutorily require a specific amount of time to have passed following the removal of a child from his or her parents' custody. Thus, the issue is not ripe for our review at this time.

Accordingly, we dismiss the mother's appeal and remand for further proceedings.

**APPEAL DISMISSED.**