**IN THE COURT OF APPEALS OF IOWA**

No. 18-1606
Filed November 21, 2018

**IN THE INTEREST OF J.W.,**
**Minor Child,**

**J.W., Father,**
 Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

 A father appeals the removal of his daughter in a child in need of assistance dispositional order. **AFFIRMED.**

 Jacob L. Mason of JL Mason Law, PLLC, Des Moines, for appellant father.

 Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

 Michael J. Bandstra of Bandstra Law Office, Des Moines, guardian ad litem for minor child.

 Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Following an adjudication and dispositional hearing, the father of J.W. appeals. He did not challenge the statutory findings below nor does he challenge those findings on appeal. He only asserts the district court could not "remove" the child from him because he had no actual or legal custody of the child. On our de novo review of this child-in-need-of-assistance (CINA) case, we affirm. *See In re K.N.*, 625 N.W.2d. 731, 733 (Iowa 2001).

J.W., born January 2008, was found to be a CINA based on the mother's neglect of J.W.[1] The mother and the father were never married, and no formal custody order appears in our record. In 2008, while J.W. was still an infant and in the father's care, the father was arrested and convicted of drug-related charges. He was incarcerated until May 2016, at which time J.W. began spending time with her father weekly, including overnight and weekend visits. In March 2018, after the Iowa Department of Human Services (DHS) became involved with this family due to the mother's neglectful conduct, the father was arrested and again incarcerated for a parole violation. He remained incarcerated in federal prison in Leavenworth, Kansas, at the time of the adjudicatory and dispositional hearings. At the dispositional hearing, the father agreed he was not in a position to assume custody of J.W. The dispositional order placed J.W. in the temporary custody of the mother (under DHS supervision) and ordered J.W.'s removal from the father.

---

[1] In this case, the petition alleged J.W. was a child in need of assistance under Iowa Code section 232.2(6)(c)(2) (2018) as a child "who has suffered or is imminently likely to suffer harmful effects as a result of the failure of the child's parent, guardian, custodian or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child."

The State asserts the father's challenge to whether J.W. was removed from his custody is not ripe for review. *See State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000) (holding "[a] case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative"). To the district court, the father's counsel argued, "[T]he only benefit the State receives from having a removal today is that it starts the clock towards the ability to terminate." We agree with the State the issue is not ripe for review. At the dispositional hearing, the father acknowledged he could not take custody of J.W. due to his incarceration. In his petition on appeal, the father also acknowledges "[c]ustody has never been with" him and "[t]here is no custody or visitation order for J.W." Whether and when J.W. was removed does not impact the CINA adjudication or disposition; it only impacts potential future proceedings—such as a termination of parental rights proceeding—when a specific amount of time must be shown to have passed since a child was removed from either parent's custody. *Compare* Iowa Code § 232.116(1)(e), (f), & (h) (requiring certain time frames before termination of parental rights), *with* Iowa Code § 232.2(6) (referencing certain acts to have occurred). Should the father's parental rights ever be in jeopardy of termination, he may raise his claims as to removal at that time.

We therefore affirm the adjudicatory and dispositional order of the district court without further opinion. Iowa Ct. R. 21.26(d), (e).

**AFFIRMED.**

McDonald, J., concurs; Vaitheswaran, J., concurs specially.

**VAITHESWARAN, Judge** (concurring specially).

I specially concur. I believe the issue of the child's removal from the father is ripe for review. At the adjudicatory hearing, the father's attorney argued the child had never been removed from the father. A discussion ensued on whether due process required notice and a hearing prior to a removal. The district court found "sufficient evidence at this time to support ex-parte removal—or to support a removal from the temporary custody of the two fathers." The court "set that matter for further hearing." With respect to the timing of the hearing, the court stated, "Since we don't have to do [the hearing] in the ten days, the Court will go ahead and set—schedule it for the same time as the disposition[al] [hearing]."

The subsequently-entered written adjudicatory order made reference to the verbal removal order and stated, "Court further notes that during the hearing, parties addres[sed] the State's intent to ask for formal removal from the father's custody at the next hearing." The order informed the parents "the consequences of a permanent removal may include termination of their parent's rights with respect to their child/children."

The child was formally removed from the father after the dispositional hearing. In a written dispositional order, the court concluded, "Regarding fathers, children are hereby placed in out of home placement as it relates to their respective fathers." With respect to the appealing father, the court reasoned, "Placement outside the parental home is necessary because continued placement in or a return to the home would be contrary to the children's welfare due to [the father's] current incarceration [and] history of unresolved substance abuse issues." Like the adjudicatory order, the dispositional order stated, "The parents are informed

that the consequences of a permanent removal may include termination of the parent's rights with respect to the child." It is this order from which the father appeals. In my view, the issue of the child's removal from the father is ripe for review. I would reach the merits.

On the merits, the father argues,

> Where a child is living with a mother and the other parent has no custodial decree and has not had actual custody of the child and there are not threats of harm to the child by the actions of the noncustodial parent there is no need for removal from the non-custodial parent.

He cites *In re C.F.-H.*, 889 N.W.2d 201, 207 (Iowa 2016), which construes removal "to require a change from physical custody to lack of physical custody" rather than "simply . . . absence of custody."

This court distinguished *C.F.-H.* in *In re K.H.*, No. 17-0384, 2017 WL 2189769, at *1 (Iowa Ct. App. May 17, 2017). We noted that the child was never formally removed, whereas the district court in *K.H.* "formally removed the child from the physical custody of the father and the mother." 2017 WL 2189769, at *1. The same is true here. The child was formally removed from the father, and the father conceded he was not in a position to assume custody of her.

I would affirm the removal order contained within the dispositional order on the merits.