# IN THE COURT OF APPEALS OF IOWA

No. 19-0328
Filed November 6, 2019

**GEORGE McCLENNON,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Julie Schumacher, Judge.

George McClennon appeals the summary disposition of his application for postconviction relief. **AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ. Schumacher, J., takes no part.

**MULLINS, Judge.**

Pursuant to a plea agreement, George McClennon pled guilty to domestic abuse assault, third or subsequent offense.[1] The plea agreement provided McClennon would be sentenced to a term of imprisonment not to exceed five years, with a mandatory minimum of one year. *See* Iowa Code §§ 708.2A(4), (7)(b), 902.9(1)(e), .13. The court sentenced McClennon in accordance with the terms of the plea agreement.

Little more than six months later, McClennon filed an application for postconviction relief, in which he claimed, among other things, his sentence was illegal and he received ineffective assistance of counsel in relation to his plea and sentencing. His claims were based upon his receipt of a time computation from the department of corrections that he believed indicated he would be required to serve eighty-five percent[2] of his five-year prison sentence, which neither the court nor counsel advised him of at sentencing.

The State moved for summary disposition, arguing McClennon was confusing a mandatory minimum sentence with earned-time credits under Iowa Code section 903A.2 and the rules of criminal procedure do not require a defendant be advised of calculation of earned-time credits. *See* Iowa R. Crim. P. 2.8(2)(b)(2). McClennon resisted. Following a hearing, the court granted the State's motion, and this appeal followed.

---

[1] McClennon was originally charged as a habitual offender. *See generally* Iowa Code § 902.8 (2018).

[2] The language McClennon pointed to in the document provided: "Domestic Abuse Assault—3rd or Subsequent Offense, 85%. No Mandatory Minimum Selected."

On appeal, McClennon generally argues his sentence was illegal or he received ineffective assistance because he was never "advise[d] . . . that he would have to serve 85% of his sentence." Iowa Code section 902.13 was enacted in 2017. 2017 Iowa Acts ch. 83, § 5. It provides individuals convicted of third-or-subsequent domestic abuse assault "shall be denied parole or work release until the person has served between one-fifth of the maximum term and the maximum term of the person's sentence." Iowa Code § 902.13(1). The sentencing court is the decision-maker as to what the mandatory minimum term of confinement will be. *Id.* § 902.13(2).

Section 903A.2(1) provides for a reduction in a total sentence for good conduct. The director of the department of corrections and the parole board, not courts, are responsible for evaluating earned time and parole or work-release eligibility. *Id.* §§ 903A.4, 906.3. Obviously, those institutions are still bound by the mandatory minimum imposed by the court.

McClennon cites *State v. Iowa District Court for Black Hawk County* in support of his argument that the relationship between sections 902.13 and 903A.2 should be treated the same as the relationship between sections 902.12 and 903.2. *See* 616 N.W.2d 575, 579 (Iowa 2000). We disagree that the provisions should be afforded the relationship discussed in that case and requested by McClennon. When that case was decided, the statutory language of the mandatory-minimum provision expressly qualified the term imposed by the court with section 903A.2. *See* Iowa Code § 902.12 (1999) ("Except as otherwise provided in section 903A.2 . . . ."). The language the supreme court relied upon in concluding that sections 902.12 and 903A.2 "together impose a mandatory

minimum sentence," which must be determined by the court, *Iowa Dist. Ct.*, 616 N.W.2d at 579, was removed by the legislature in 2003. 2003 Iowa Acts ch. 156, § 11. Neither was the qualifying language included in the enactment of section 902.13 in 2017.

Under former section 902.12 a defendant convicted of certain crimes was required to serve one-hundred percent of the maximum term of imprisonment. Iowa Code § 902.12 (2003). The statutory language subordinated the one-hundred percent term to section 903A.2 earned-time credits, which fell under the purview of the department of corrections. *Id.* §§ 902.12, 903A.4. The supreme court signaled its position that mandatory minimums are necessarily judicial determinations, and courts, not agencies, should determine whether a good-conduct credit should be applied against an imposed mandatory minimum term of imprisonment. *See Iowa Dist. Ct.*, 616 N.W.2d at 579. The legislature clearly picked up the message and removed the subordinating language from section 902.12 but lessened the mandatory minimum imposed to seventy percent. 2003 Iowa Acts ch. 156, § 11.

Simply stated, the imposition of mandatory minimums under sections 902.12 and 902.13 and the application of earned-time credits are separate determinations, made by separate powers, the judicial and executive branches. Earned-time credits cannot be used to shorten a mandatory minimum term of incarceration imposed by the court, but can be used to shorten the "total sentence of confinement," *see* Iowa Code § 903A.2(1)(a)(1), (b)(1), here being a five-year indeterminate term. But, that is not to say the inmate cannot be paroled or granted work release before the "total sentence of confinement" runs; the person can be

granted parole or work release only after the court's mandatory minimum has been satisfied, and then the person's overall sentence will be discharged at the appropriate time after the application of earned-time credits.[3]  The gist of McClennon's arguments made in the district court and on appeal is that section 903A.2 requires him to be mandatorily imprisoned until he has served enough for his sentence to be discharged after applying earned-time credits and he should have been advised of the same at the time of his plea and sentence.  He is incorrect.  We find counsel was not ineffective and McClennon's sentence is not illegal.  We affirm the summary disposition of his application for postconviction relief.

**AFFIRMED.**

---

[3] We also note that the legislature requires the court sentencing a defendant for an aggravated misdemeanor or felony to publicly announce "[t]hat the defendant's term of incarceration may be reduced from the maximum sentence because of statutory earned time, work credits, and program credits" and "the defendant may be eligible for parole before the sentence is discharged."  Iowa Code § 901.5(9)(a)–(b).  The legislature did not require the court to calculate those credits or the date of parole eligibility.